UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 12-7590 ABC (VBKx) | Date | December 21, 2012 |
|---|---|---|---|
| Title | Harout Madenian v. Bank of America, N.A. et al | | |

| Present: The Honorable | Audrey B. Collins, United States District Judge | |
|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   ORDER GRANTING MOTION TO DISMISS  (In Chambers)

On November 15, 2012, Target National Bank ("Defendant") filed a Motion to Dismiss ("Motion").  (Docket no. 29.)  On November 26, 2012, Plaintiff filed an Opposition.  (Docket no. 37.)  On December 3, 2012, Defendant filed a Reply.  (Docket no. 39.)  The Court took the Motion under submission.  For the following reasons, the Court **GRANTS** the Motion.

### DISCUSSION

In this action, Plaintiff sued six banks and credit card companies for five claims relating to credit reporting and debt collection.  The Court has already granted motions to dismiss five of the defendants, both on the merits and because Plaintiff did not oppose the motions.  Only defendant Target National Bank remains, and Plaintiff has submitted an Opposition to its Motion to Dismiss.

The Court notes that portions of Plaintiff's Opposition do not relate to this case.  For example, the Opposition refers to a First Amended Complaint, states that Plaintiff filed this action in August 2012 based on credit reporting problems that the Plaintiff discovered in April 2010, and refers to Plaintiff as "she."  Meanwhile, the docket reflects that no First Amended Complaint has been filed in this case, the Complaint was filed in September 2012 and focuses on credit reporting problems Plaintiff noticed in April 2012, and refers to plaintiff as "he."  There are, however, certain references in the Opposition to Defendant Target National Bank, so the Court will consider the Opposition.

As the Court noted in its orders granting the other Defendants' Motion to Dismiss, "[i]nstead of alleging each Defendant's misconduct, Plaintiff['s Complaint] simply lumped all Defendants together, making no factual allegations about any of them in particular. The Complaint therefore fails to put any Defendant notice of the factual basis of the claims against it, and therefore falls short of Fed. R. Civ. P. 8. Dismissal under Fed. R. Civ. P. 12(b)(6) is therefore appropriate."  See, e.g., November 15, 2012 Minute Orders (docket nos. 33, 34).  The same reasoning applies with respect to Defendant Target.

In addition, Plaintiff concedes that none of his claims are properly pled, either because the cited statutes do not provide a private right of action or because Target is not a proper defendant for those claims.  But Plaintiff also seeks leave to amend three of his claims.  Plaintiff's request for leave to amend is not persuasive.  Plaintiff refers to his "intention" to amend his Complaint, but fails to explain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 12-7590 ABC (VBKx) | Date | December 21, 2012 |
|---|---|---|---|
| Title | Harout Madenian v. Bank of America, N.A. et al | | |

what amendments he would make and how such amendments would cure his thoroughly inadequate Complaint.  The Court does not always require great specificity for requests for leave to amend complaints in response to a motion to dismiss.  But where, as here, the Complaint is utterly defective, the Opposition brief appears to have been pro forma, and Plaintiff failed to Oppose motions to dismiss five other Defendants, Plaintiff's perfunctory request for leave is simply not credible.  Were Plaintiff earnest in his stated intention to amend his Complaint or if amendment could have salvaged his claims, he could have simply amended the Complaint in response to the Motion, or in response to the several Motions already granted as unopposed.  Plaintiff did not do so.  The Court is not persuaded that amendment could cure the pervasive defects in Plaintiff's Complaint, and therefore **DENIES** leave to amend.

## CONCLUSION

For the foregoing reasons, Target National Bank's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | AB | |